# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR AMBROSE,<br><br>Plaintiff,<br><br>v.<br><br>US MED-EQUIP, LLC,<br><br>Defendant. | Case No. 1:23-cv-00114-SAB<br><br>ORDER ENTERING STIPULATION TO DISMISS PLAINTIFF'S CLASS CLAIMS AS STIPULATION TO AMEND, AND DEEMING COMPLAINT AMENDED<br><br>ORDER REQUIRING PARTIES TO SUBMIT MOTION FOR APPROVAL OF SETTLEMENT OR DISPOSITIONAL DOCUMENTS<br><br>(ECF No. 16)<br><br>**DECEMBER 29, 2023 DEADLINE** |

Plaintiff Taylor Ambrose, individually and on behalf of all others similarly situated, filed this putative class action on January 26, 2023. (ECF No 1.) Pursuant to stipulation, Plaintiff filed a proposed first amended complaint that the Court deemed filed on April 13, 2023. (ECF Nos. 6, 7.) On May 15, 2023, Defendant filed an answer. (ECF No. 8.) On June 13, 2023, the Court issued a phase class scheduling order. (ECF No. 11.)

On October 27, 2023, the parties filed a notice of settlement. (ECF No. 14.) The filing, while not absolutely clear, appeared to proffer the matter was settled in its entirety, and on October 30, 2023, the Court vacated all dates and deadlines, and ordered the parties to file a motion for approval of class action settlement on or before December 29, 2023. (ECF No. 15.)

1       On November 6, 2023, the parties filed a notice of dismissal requesting Plaintiff's class claims only, be dismissed without prejudice. (ECF No. 16.)  The stipulation proffers that the parties do not intend to dismiss Plaintiff's individual or PAGA representative claims by way of the joint request.  (Id.)  The stipulation further proffers that: no consideration was exchanged for the dismissal of Plaintiff's class claims; no notices were mailed to the similarly situated employees nor has there been any form of advertising disseminated; no class has been certified in this matter; no motions to certify a class have been filed; and no person not named in this lawsuit is bound by the dismissal.  (Id.)

        Pursuant to Rule 23(e) the "claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  On December 1, 2003, Rule 23(e) was amended to allow the "parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified." Sample v. Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012); see also 4 Newberg on Class Actions § 14:11 (5th ed.) ("Rule 23 requires judicial approval of the settlement of certified cases only.").  "The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification." Sample, 2012 WL 1880661, at *3 (quoting Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").) Here, no class has been certified and the matter is being dismissed without prejudice.  Therefore, the Court finds that dismissal does not require court approval under Rule 23(e).[1]

---

[1] Courts have maintained differing views on this issue.  See Pineda v. Sun Valley Packing, L.P., No. 120CV00169ADAEPG, 2023 WL 2793879, at *1 (E.D. Cal. Apr. 5, 2023) ("Rule 23(e), however, governs the dismissal of class actions, even before class certification has occurred."); Gutierrez v. J.M. Distrib., Inc., No. SACV2000617DOCJEM, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) ("The Ninth Circuit has interpreted this requirement to apply before certification as well."); Albers v. Yarbrough World Sols., LLC, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("This holding pre-dates substantial amendments to Rule 23 in 2003, and courts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments . . . [b]ut our decisions have 'generally assumed that it does' apply . . . and this Court will follow Diaz to evaluate the proposed settlement and dismissal here.").  However, this Court maintains its previous stance and agreement with other courts that the 2003 amendment changed the applicable standard.  See Frias v. G4S Secure Sols. (USA) Inc., No.

Of further note, the parties are not dismissing the entire action, but request dismissal of only the class claims pursuant to Rule 41.  The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.  Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); but see Wilson, 111 F.3d at 692.  The Court finds it proper to construe the parties' stipulation to dismiss the class claims as consent to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure.  See Hells Canyon Pres. Council, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784 (Fed. Cir. 2000)).  Therefore, the Court finds it most proper to give effect to the parties' stipulation through a Rule 15 amendment.

Based on the notice of settlement following mediation and the instant stipulation, Plaintiff may still need to file a motion for approval of the settlement of the PAGA claims.  Therefore, the Court shall keep the current deadline for filing any motion for approval of settlement of this action for December 29, 2023, and Plaintiff may otherwise file dispositional documents if the Plaintiff decides to also no longer proceed on the PAGA claims.

---

120CV00403AWISAB, 2021 WL 2894453, at *1 (E.D. Cal. July 9, 2021) ("On December 1, 2003, Rule 23(e) was amended to allow the 'parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified.'"); Hall v. W. Ref. Retail, LLC, No. 519CV00855VAPSKX, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021) ("Although some courts in this circuit have continued to apply Diaz, others have declined to do so in light of the amendments to Rule 23 . . . [and] [t]he Court is persuaded by the latter authorities and the plain language of the Rule and accordingly performs no further analysis under Rule 23."); Lee v. CVS Pharmacy, Inc., No. 320CV01923BENDEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) ("Previously, Rule 23 was written in such a manner that it was unclear whether court approval was required for dismissal of individual claims in a case that was originally filed as a class action, even if the settlement and dismissal did not pertain to the putative class claims . . . [h]owever, in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims . . . [thus] where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss.").

Accordingly, IT IS HEREBY ORDERED that, pursuant to the parties' agreement:

1. The Plaintiff's first amended complaint is DEEMED AMENDED and any class action claims asserted therein are no longer alleged against Defendant; and
2. The parties shall file any motion for approval of PAGA settlement, or otherwise file dispositional documents, on or before **December 29, 2023**.

IT IS SO ORDERED.

Dated:   **November 7, 2023**

UNITED STATES MAGISTRATE JUDGE